# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | |
| REBECCA CRANE, as mother and natural * | |
| guardian of minor, S.C., and             * | No. 17-1947V |
| GRANT CRANE, as father and natural       * | Special Master Christian J. Moran |
| guardian of minor, S.C.,                 * | |
|                                          * | |
|              Petitioners,                * | January 17, 2023 |
|                                          * | |
| v.                                       * | Stipulation; diphtheria-tetanus- |
|                                          * | acellular pertussis ("Tdap"); hepatitis B; |
| SECRETARY OF HEALTH                      * | polio; pneumococcal vaccines; seizures |
| AND HUMAN SERVICES,                      * | |
|                                          * | |
|              Respondent.                 * | |
| * * * * * * * * * * * * * * * * * * * * * * * | |

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner;
Ryan Daniel Pyles, United States Dep't of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION[1]

On January 5, 2023, the parties filed a joint stipulation concerning the petition for compensation filed by petitioners Rebecca Crane and Grant Crane, on behalf of minor, S.C., on December 14, 2017. Petitioners alleged that the diphtheria-tetanus-acellular pertussis, hepatitis B, polio, and pneumococcal vaccines caused S.C. to develop seizures. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of S.C. as a result of S.C.'s condition.

Respondent denies that the vaccines caused S.C. to suffer from seizures.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Damages awarded in that stipulation include:

a. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the joint stipulation agreement, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"); and**

b. **A lump sum payment of $32,137.69, representing compensation for satisfaction of a State of Arizona Medicaid lien, payable jointly to petitioner and:**

> The Rawlings Company, LLC
> Attn: Nathalie Fuster
> P.O. Box 2000
> La Grange, KY 40031.

**Petitioners agree to endorse this payment to the Rawlings Company.**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

> s/Christian J. Moran
> Christian J. Moran
> Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| REBECCA CRANE, as mother and natural guardian of minor, S.C., and GRANT CRANE, as father and natural guardian of minor, S.C., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 17-1947V <br> Special Master Christian J. Moran <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, S.C., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to S.C.'s receipt of diphtheria-tetanus-acellular pertussis, haemophilus influenzae type b, inactivated poliovirus, Hepatitis B, and/or pneumococcal vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. S.C. received diphtheria-tetanus-acellular pertussis, haemophilus influenzae type b, inactivated poliovirus, Hepatitis B, and pneumococcal vaccines (hereinafter "the vaccines") on September 6, 2016.

3. The vaccines were administered within the United States.

4. Petitioners allege that the vaccines, either singly or in combination, caused S.C. "injuries including, but not limited to, seizures."

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of S.C. as a result of her alleged injury.

6. Respondent denies that S.C. sustained a Table injury within the timeframe set forth in the Table; and denies that the vaccines that S.C. received on September 6, 2016, caused or significantly aggravated S.C.'s alleged injuries, including but not limited to seizures, and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");[1] and

   b. A lump sum payment of **$32,137.69**,[2] representing compensation for satisfaction of a State of Arizona Medicaid lien, payable jointly to petitioner and:

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Arizona may have against any individual as a result of any Medicaid payments made by, or on behalf of, the State of Arizona to, or on behalf of, S.C. as a result of her alleged vaccine-related injury suffered as a result of her September 6, 2016 vaccinations, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

2

The Rawlings Company, LLC
Attn: Nathalie Fuster
P.O. Box 2000
La Grange, KY 40031.

Petitioners agree to endorse this payment to the Rawlings Company.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of S.C., pursuant to which the Life Insurance Company will agree to make a certain lump sum payment of $170,000.00, payable to S.C., on May 5, 2041.

The payment provided for in this paragraph shall be made as set forth above. Should S.C. predecease the certain payment set forth above or be declared incompetent by a court with proper jurisdiction, the payment shall be made to S.C.'s estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of S.C.'s death or being declared incompetent.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health

and Human Services and will be purchased as soon as practicable following the entry of judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. sec. 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation as part of the annuity contract will be used solely for the benefit of S.C. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of S.C.'s estate under the laws of the State of Arizona.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of S.C., on behalf of themselves, S.C., and S.C.'s heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of S.C. resulting from, or alleged to have resulted from, the vaccines administered to S.C. on or about September 6, 2016, as identified by petitioners in a petition for vaccine compensation filed on or about December 14, 2017, in the United States Court of Federal Claims as petition No. 17-1947V.

18. If S.C. should die prior to entry of the judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize the respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that S.C. suffered from seizures and/or any other injury as the result of any vaccination administered on September 6, 2016.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns, as legal representative(s) of S.C.

END OF STIPULATION

/
/
/
/
/

Respectfully submitted,

**PETITIONERS:**

*/s/ Rebecca Crane*
REBECCA CRANE

*/s/ Grant Crane*
GRANT CRANE

**ATTORNEY OF RECORD FOR PETITIONERS:**

*/s/ Jeffrey S. Pop*
JEFFREY S. POP
JEFFREY S. POP & ASSOCIATES
9150 Wilshire Blvd., Suite 241
Beverly Hills, CA 90212
(310) 273-5462
jpop@poplawyer.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Dale Mishler, DHSc, for*
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Ryan D. Pyles*
RYAN D. PYLES
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847
ryan.pyles@usdoj.gov

Dated: January 5, 2023

7