# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * *
REBECCA CRANE, as mother and natural,   *
guardian of minor, S.C., and            *
GRANT CRANE, as father and natural      *
guardian of minor, S.C.,                *
                                        *
              Petitioners,              *    No. 17-1947V
                                        *    Special Master Christian J. Moran
v.                                      *
                                        *    Filed: June 20, 2024
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
              Respondent.               *
* * * * * * * * * * * * * * * * * * * * * *
```

<u>Jeffrey S. Pop</u>, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner;
<u>Ryan Daniel Pyles</u>, United States Dep't of Justice, Washington, DC, for
Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioners Rebecca Crane and Grant Crane, on behalf of minor, S.C., motion for final attorneys' fees and costs. They are awarded **$188,740.33**.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioners has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

\*      \*      \*

On December 14, 2017, petitioners filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioners alleged that the diphtheria-tetanus-acellular pertussis, hepatitis B, polio, and pneumococcal vaccines caused S.C. to develop seizures. On January 5, 2023, the parties filed a joint stipulation in which the undersigned adopted as his decision on January 17, 2023. 2023 WL 1883069.

On July 7, 2023, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioners request attorneys' fees of $138,619.60 and attorneys' costs of $50,120.73[2] for a total request of $188,740.33. Fees App. Exhibit (Ex.) 1 at 1. Pursuant to General Order No. 9, petitioners warrants that they have not personally incurred any costs related to the prosecution of their case. Fees. App. Ex. 7 at 1. Respondent did not file a response to petitioners' motion.

\*      \*      \*

Because petitioners received compensation, they are entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

---

[2] These costs consist of $21,574.98 in costs (which includes expert retainer fees totaling $6,000.00) incurred by counsel and $28,545.75 in expert fees.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.      Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

 Petitioners requests the following rates of compensation for the work of their counsel Jeffrey S. Pop: $420.00 per hour for work performed from 2016-2018, $453.00 per hour for work performed in 2019, $470.00 per hour for work performed from 2020-2021, and $520.00 per hour for work performed from 2022-2023; for attorney Kristina E. Grigorian: $250.00 per hour for work performed from 2016-2018, $292.00 per hour for work performed in 2019, $325.00 per hour for work performed from 2020-2021, and $410.00 per hour for work performed from 2022-2023; and, for attorney Alexandra B. Pop: $225.00 per hour for work performed from 2016-2018, $262.00 per hour for work performed in 2019, $295.00 per hour for work performed from 2020-2021, and $385.00 per hour for work performed from 2022-2023.

The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to Jeffrey Pop and associated for their Vaccine Program work. See, e.g. Gordon v. Sec'y of Health & Human Servs., No. 20-0109V, 2023 WL 4420379 (Fed. Cl. Spec. Mstr. Jul. 27, 2023); Poyton v. Sec'y of Health & Human Servs., No. 20-2073V, 2023 WL 6389331 (Fed. Cl. Spec. Mstr. Aug. 29, 2023). Accordingly, the requested hourly rates are reasonable.

B.      Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993).

3

The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioners are awarded final attorneys' fees in the amount of $138,619.60.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioners request a total of $50,120.73 in attorneys' costs, including $21,574.98 in advanced costs, and $28,545.75 in expert fees. The advanced costs are comprised of acquiring medical records, postage, the Court's filing fee, expert retainer fees, medical literature, and work performed by experts Dinesh Talwar, M.D. and Marcel Kinsbourne, M.D. Fees App. Ex. 2 at 1-3. Petitioners also request $28,545.75 in expert fees for work performed by Jane Tavyev Asher, M.D., and Jeffrey Silverman, M.D. Fees App. at 9-12; Fees App. Exs. 3-6. Petitioner has provided adequate documentation supporting the requested advanced costs and all are reasonable in the undersigned's experience.

Regarding the expert rates, petitioners request an hourly rate of $450.00 per hour for the work of Dr. Talwar. Dr. Talwar is a board-certified in pediatrics, neurology with special qualification in child neurology, clinical neurophysiology, and until 2018, was board-certified in psychiatry and neurology with a subspecialty certification in clinical neurophysiology. Ex. 80 at 5. Dr. Talwar is currently a staff physician at the University Medical Center, Tucson Medical Center, Children's Clinic for Rehabilitative Services, and Mt. Graham Community Hospital, a pediatric neurologist and partner at the Center for Neurosciences, and a clinical assistant/associate professor in the departments of Pediatrics and Neurology at the University of Arizona. Id. at 3-5. Dr. Talwar was first licensed in India in 1979, and was licensed within the United States in 1983. Id. at 6. Other neurologists with a specialty in child/pediatric neurology who have provided expert work in the Vaccine Program have been awarded rates similar to what is sought for Dr. Talwar. See, e.g., Lindholm v. Sec'y of Health & Human Servs., No. 17-154, 2021 WL 7451829, at *5 (Fed. Cl. Spec. Mstr. Dec. 2, 2021) (awarding Dr. Elissa Yozawitz $450.00 per hour); Schwarz v. Sec'y of Health & Human Servs., No. 18-619V,

2023 WL 7220173, at *6 (Fed. Cl. Spec. Mstr. Sept. 25, 2023) (awarding Dr. Yuval Shafrir $450.00 per hour). Based upon Dr. Talwar's credentials, the undersigned finds that $450.00 per hour is a reasonable hourly rate for his work, and that the hours he billed in this case are reasonable.

Next, petitioners request an hourly rate of $425.00 per hour for the work of Dr. Tavyev Asher in 2019, and $450.00 per hour for her work in 2020 and 2021. Fees App. at 11 (requesting a rate increase from $425.00 to $450.00 per hour starting in 2020 to account for continued experience and inflation). Dr. Tavyev Asher is a pediatric neurologist who is certified by the American Board of Psychiatry and Neurology, with special qualification in child neurology, and is presently an assistant professor of pediatrics and neurology at Cedars-Sinai Medical Center and an assistant professor of pediatrics and bio-behavioral sciences at UCLA. Fees App. at 10. Petitioners have provided adequate documentation supporting the requested rate of $425.00 per hour for Dr. Tavyev Asher's expert work in 2019, and this rate is also consistent with the undersigned has previously awarded. Woods v. Sec'y of Health & Human Servs., No. 16-1520V, 2020 WL 8509837, (Fed. Cl. Spec. Mstr. Dec. 7, 2020). Additionally, the undersigned finds that the requested rate increase to $450.00 per hour for 2021, and 2022, is reasonable and will award the full amount for Dr. Tavyev Asher's work in this matter.

Finally, petitioners request an hourly rate of $425.00 for Dr. Silverman and only request reimbursement of the $2,000.00 retainer for Dr. Kinsboune's work. Fees App. at 11-12. Petitioners have provided adequate documentation supporting the requested costs of these experts, and all appear reasonable in the undersigned's experience. See McGrail v. Sec'y of Health & Human Servs., No. 17-926V, 2023 WL 2569884, at *2 (Fed. Cl. Spec. Mstr. Mar. 20, 2023); see also White v. Sec'y of Health & Human Servs., No. 18-592V, 2023 WL 9181287, at *3 (Fed. Cl. Dec. Spec. Mstr. 15, 2023). Accordingly, the full amount of costs is awarded for these experts.

Petitioners are therefore awarded final attorneys' costs of $50,120.73.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$188,740.33** (representing $138,619.60 in attorneys' fees and $50,120.73 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and petitioners' counsel, Mr. Jeffrey S. Pop.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.